UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BERNARD A DILLON,<br><br>    Petitioner,<br><br>  v.<br><br>STATE OF INDIANA,<br><br>    Respondent. | )<br>)<br>)<br>)<br>)  No. 1:22-cv-00440-SEB-DML<br>)<br>)<br>)<br>)<br>) |

**ORDER GRANTING MOTION TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY**

Petitioner Bernard Dillon was convicted of neglect of a dependent resulting in death in Lake County, Indiana, in 2017. Mr. Dillon now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent argues that the petition must be denied because it is time-barred. For the reasons explained in this Order, the respondent's motion to dismiss, dkt. [7], is **granted**, and Mr. Dillon's petition for a writ of habeas corpus is **dismissed with prejudice**. In addition, the Court finds that a certificate of appealability should not issue.

**I. Background**

After Mr. Dillon pled guilty to neglect of a dependent, he was sentenced to 40 years, with five years suspended to probation, on December 13, 2017. Dkt. 7-1 at 7. He did not pursue a direct appeal. On November 20, 2019, he filed a petition for post-conviction relief, which the post-conviction court denied after a hearing. Dkt. 7-2 at 2, 5–7. Mr. Dillon appealed, and the Indiana Court of Appeals affirmed the post-conviction court. Dkt. 7-6 at 2. Mr. Dillon filed a petition to transfer, dkt. 7-7, which the Indiana Supreme Court denied on January 6, 2022, dkt. 7-3 at 7.

On March 4, 2022, Mr. Dillon filed the instant petition for a writ of habeas corpus. Dkt. 2.

## II. Applicable Law

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress, as part of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), revised several statutes governing federal habeas relief. *Williams v. Taylor*, 529 U.S. 362, 404 (2000). "Under 28 U.S.C. § 2244(d)(1)(A), a state prisoner seeking federal habeas relief has just one year after his conviction becomes final in state court to file his federal petition." *Gladney v. Pollard*, 799 F.3d 889, 894 (7th Cir. 2015). This leaves two options for when a judgment becomes final. "For petitioners who pursue direct review all the way to th[e] [United States Supreme] Court, the judgment becomes final . . . when th[e] [United States Supreme] Court affirms a conviction on the merits or denies a petition for certiorari." *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (quotation marks omitted). "For all other petitioners, the judgment becomes final . . . when the time for pursuing direct review in th[e] [United States Supreme] Court, or in state court, expires." *Id.* (quotation marks omitted). "The one-year clock is stopped, however, during the time the petitioner's 'properly filed' application for state postconviction relief 'is pending.'" *Day v. McDonough*, 547 U.S. 198, 201 (2006) (quoting 28 U.S.C. § 2244(d)(2)).

## III. Discussion

Under 28 U.S.C. § 2244(d)(1)(A), Mr. Dillon's judgment became final on January 12, 2018, the day that his direct appeal notice of appeal was due. Dkt. 7-1 at 7; *see* Ind. App.

R. 9(A)(1) (giving 30 days to file a notice of appeal); *Gonzalez*, 565 U.S. at 150. His statute of limitations expired one year later, on January 12, 2019. He did not toll his statute of limitations under subsection (d)(2) when he filed his post-conviction petition because he did not file it until November 20, 2019, after the statute of limitations had already expired.

Mr. Dillon did not argue that he was entitled to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) ("[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."). Rather, he alleged that his petition was timely because he filed it within a year of his post-conviction proceeding, dkt. 2 at 20, indicating a misunderstanding of the statute of limitations.[1]

Because Mr. Dillon's petition is time-barred, the respondent's motion to dismiss, dkt. [7], is **granted**.

## IV. Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, a state prisoner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.'" 28 U.S.C. § 2253(c)(2). In deciding whether a certificate of appealability should issue, "the only question is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck*, 137 S. Ct. at 773 (citation and quotation marks omitted). Where a

---

[1] Mr. Dillon filed a form response to the respondent's motion to dismiss which referred to a memorandum in support that was not actually submitted. Dkt. 9. The Court provided Mr. Dillon time to file his memorandum in support, dkt. 12, but he never did.

claim is resolved on procedural grounds (such as the statute of limitations), a certificate of appealability should issue only if reasonable jurists could disagree about the merits of the underlying constitutional claim *and* about whether the procedural ruling was correct. *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Mr. Dillon's petition was filed beyond the expiration of the one-year statutory limitations period, and he has not argued that he is entitled to equitable tolling. Jurists of reason would not disagree with this Court's resolution of this claim, and nothing about the claim deserves encouragement to proceed further.

The Court therefore **denies** a certificate of appealability.

### V. Conclusion

Mr. Dillon's petition for a writ of habeas corpus was filed after the expiration of the one-year time limitation. The respondent's motion to dismiss, dkt. [7], is therefore **granted**, and the petition for a writ of habeas corpus is **dismissed with prejudice**. *Pavlovsky v. VanNatta*, 431 F.3d 1063, 1064 (7th Cir. 2005) ("The dismissal of a suit as untimely is a dismissal on the merits, and so should ordinarily be made with prejudice"). A certificate of appealability is **denied**.

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date:      11/3/2022

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

BERNARD A DILLON
171769
INDIANA STATE PRISON
INDIANA STATE PRISON
MICHIGAN CITY, IN 46360
Electronic Service Participant – Court Only

Jesse R. Drum
INDIANA ATTORNEY GENERAL
jesse.drum@atg.in.gov